IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

RITA L. BALL                                                                       PLAINTIFF

V.                              NO.  3:06cv00051 JWC

MICHAEL J. ASTRUE,                                      DEFENDANT
Commissioner, Social
Security Administration

ORDER

       Plaintiff has filed a motion for attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (doc. 14).  She seeks an EAJA award for work done at the district court level by her attorney (1.9 hours in 2006 at an hourly rate of $162.00 and 1.8 hours in 2007 at an hourly rate of $167.00) and by paralegal assistants (11.45 hours at an hourly rate of $75.00), for a total fee award of $1,467.15.  Additionally, she seeks reimbursement of expenses in the amount of $13.95.

       Under the EAJA, a prevailing social security claimant is entitled to an award of reasonable attorney's fees and expenses unless the Commissioner's position in denying benefits was "substantially justified" or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A).  A claimant who wins a sentence-four remand order, such as Plaintiff did in this case (doc. 12, 13), is a prevailing party entitled to EAJA fees.  *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).  The Commissioner does not contest Plaintiff's entitlement to an award of fees and expenses under the EAJA, and he asserts that the amount requested is reasonable (doc. 16).

       The EAJA provides that attorney fees "shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special

factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988). The increased rates requested by Plaintiff reflect an agreement between Plaintiff's counsel and the Office of General Counsel, Region VI, Social Security Administration, to calculate attorney's fees on an annualized basis using the mid-year Consumer Price Index for All Urban Consumers (CPI-U) (doc. 15-2, at 1-2). Plaintiff submits the applicable CPI-U figures to support the increased rates (doc. 15-2, at 8).

Paralegals are to be compensated at the market rate. *Missouri v. Jenkins*, 491 U.S. 274, 289 (1989). Counsel submits affidavits to establish $75.00 an hour as the prevailing market rate for paralegal work (doc. 15-2, at 5-7).

No objection is made to the number of attorney or paralegal hours requested or to the amount of expenses, and counsel's itemization establishes that they were reasonably expended in representation of Plaintiff (doc. 15-2, at 9-11).

Therefore, the Court will approve the total requested fees for attorney work (1.9 hours at $162.00 per hour and 1.8 hours at $167.00 per hour) and paralegal work (11.45 hours at $75.00 per hour), for a fee award of $1,467.15. Additionally, the Court will approve the requested expenses in the amount of $13.95.

Accordingly, it is hereby ORDERED

(1) That Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (doc. 14) is granted;

(2) That Plaintiff's attorney is entitled to an attorney's fee in the amount of $1,467.15, together with expenses of $13.95, for a total of $1,481.10, all pursuant to the EAJA; and

(3)     That the Commissioner is directed to certify and pay to Anthony Bartels, attorney for Plaintiff, the amount awarded pursuant to the EAJA.

IT IS SO ORDERED this 11th day of April, 2008.

_____
UNITED STATES MAGISTRATE JUDGE